**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**29SC FOUR POINTE LP,**

      **Plaintiff,**

    **v.**                              **Civil Action 2:25-cv-1422**
                                        **Judge Algenon L. Marbley**
                                        **Magistrate Judge Chelsey M. Vascura**

**JESSICA BROWN,**

      **Defendant.**


### ORDER and REPORT AND RECOMMENDATION

On July 24, 2025, Plaintiff, 29SC Four Pointe LP, filed a Petition in Forcible Entry and Detainer against Defendant, Jessica Brown, in the Municipal Court of Franklin County, Ohio. *See 29SC Four Pointe LP v. Jessica Brown*, Franklin County M.C. No. 25 CVG 036520. The petition sought possession of the premises in question due to Defendant's failure to pay rent in violation of the lease agreement. Plaintiff and Defendant reached an agreement memorialized in an Agreed Judgment Entry dated August 19, 2025. That agreement required Defendant to be current with her rent payment obligations by November 1, 2025. (Agreed Entry, ECF No. 1-1, PAGEID #5.) On November 10, 2025, Plaintiff filed an affidavit in Municipal Court averring that Defendant had breached the Agreed Judgment Entry and filed a precipe for restitution and set out. The Municipal Court issued a writ of restitution and setout on November 14, 2025, requiring Defendant to vacate the premises.

On December 4, 2025, Defendant, an Ohio resident proceeding without the assistance of counsel, filed a Notice of Removal in this Court. (ECF No. 1.) This matter is now before the

Court for consideration of Defendant's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court on Defendant's Motion for Permission to File Electronically (ECF No. 4), which is **GRANTED**. Defendant may participate in e-filing only as to this particular case and conditional on her compliance with all applicable e-filing requirements. If she has not already done so, Defendant is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf. Defendant is **REMINDED** that failure to adhere to all applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Defendant is specifically **CAUTIONED** that failure to update her email address and monitor her email account (including her "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here"). Defendant is further **CAUTIONED** that her electronic filing access may be revoked at any time.

2

This matter is also before the Court for the initial screen of Defendant's Notice of Removal (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **REMAND** this action to the Franklin County Municipal Court.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

When the Notice of Removal provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No.

1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

Defendant contends that this Court has subject-matter jurisdiction over this action because she received federal rental assistance prior to breaching the Agreed Judgment Entry, and "[i]t was not the intent of Congress to allow landlords to manipulate federally funded rent programs to wrongfully evict tenants." (Notice of Removal 1, ECF No. 1-1.) Defendant further asserts that Plaintiff's actions "were retaliatory and discriminatory against the Defendant under 42 USC 2000a et al." (*Id.*) However, the action being removed consists only of state-law claims for eviction under Ohio Revised Code Chapter 1923, over which this Court does not have original jurisdiction. Moreover, Defendant's assertion of defenses or counterclaims involving federal programs or statutes does not create a basis for jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction").

Further, to the extent that Defendant seeks to overturn the August 19, 2025 Agreed Judgment Entry or the November 14, 2025 Writ of Restitution and Set Out, those claims are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

4

The undersigned therefore concludes that this Court lacks subject-matter jurisdiction over this action. It is **RECOMMENDED** that the Court **REMAND** this action to the Franklin County Municipal Court. It is further **RECOMMENDED** that Defendant's Motion for Injunction and Motion to Compel and/or Contempt (ECF Nos. 3, 5) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

5