**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **29SC FOUR POINTE LP,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-1422** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **JESSICA BROWN, *et al.*,** | : | **Magistrate Judge Vascura** |
| | : | |
| | : | |
| **Defendants.** | : | |

**<u>OPINION & ORDER</u>**

This matter comes before this Court on Defendant Jessica Brown's Motions for Injunction (ECF No. 2), to Compel (ECF No. 5), and Brown's Objections to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 7). (ECF No. 9). In the R&R, the Magistrate Judge recommended that this Court remand this action to the Franklin County Municipal Court and deny Brown's Motions for Injunction and to Compel. (ECF No. 7). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 7) and **OVERRULES** Brown's Objections (ECF No. 9). This action is **REMANDED** to the Franklin County Municipal Court. Accordingly, Brown's Motions for an Injunction and to Compel (ECF Nos. 2, 5) are hereby **DENIED as MOOT**.

## I.    BACKGROUND

On July 24, 2025, Plaintiff, 29SC Four Pointe LP, filed a Petition in Forcible Entry and Detainer against Defendant, Jessica Brown, in the Municipal Court of Franklin County, Ohio. *See 29SC Four Pointe LP v. Jessica Brown, Franklin County M.C.*, No. 25 CVG 036520. The petition sought to evict Brown from her residence due to her alleged failure to pay rent in violation of the lease agreement. (ECF No. 1-1). The parties later reached an agreement memorialized in an Agreed

1

Judgment Entry dated August 19, 2025, which required Brown to be current with her rent payment obligations by November 1, 2025. (*Id.*). On November 10, 2025, Four Pointe filed an affidavit in Municipal Court contending that Brown had breached the Agreed Judgment Entry. The Municipal Court issued a writ of restitution and set out on November 14, 2025, requiring Defendant to vacate the premises. Subsequently on December 17, 2025, Brown filed a Notice of Removal in this Court. (*Id.*). In her Notice of Removal, Brown contends that prior to the eviction action against her, she was approved and began participating in the federally funded Emergency Rental Assistance Program (ERAP). (*Id.* at 1). Brown argues that "it was not the intent of Congress to allow landlords to manipulate federally funded rent programs to wrongfully evict tenants raising the federal question." (*Id.*).

The Magistrate Judge issued a Report and Recommendation on December 17, 2025, and recommended that this Court remand this action to the Franklin County Municipal Court and deny Brown's pending Motions. (ECF No. 7). The Magistrate Judge opined that this Court lacked subject matter jurisdiction and additionally that Brown's request that this Court intervene in the state court action is barred by the *Rooker-Feldman* doctrine. (*Id.* at 3–4). The R&R specified that Brown's Notice of Removal "consists only of state-law claims for eviction under Ohio Revised Code Chapter 1923, over which this Court does not have original jurisdiction." (*Id.*). Further, the Magistrate Judge instructed that Brown had fourteen (14) days to object to the R&R.

On January 4, 2026, Brown filed untimely objections to the R&R. (ECF No. 7). These matters are now ripe for this Court's review.

## II.    STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly

objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.    LAW AND ANALYSIS

As an initial matter, Brown's objections were not filed before the December 31, 2025, deadline as set by the Magistrate Judge. (ECF No. 7). Brown contends that she was in an automobile accident on December 31, 2025, and that is why her objections were delayed, yet provides no support for the veracity of her claim regarding delay. (ECF No. 9 at 1). On this basis alone, Brown's objections are overruled. Even if this Court were to consider Brown's untimely objections, her arguments still fail.

In her Objection, Brown contends that she "believes the Agreed Entry was void because the eviction was unlawful under the federal ERAP guidelines" and further that this case is removable because the state law claims raise "substantial federal issues." (ECF No. 9 at 3). Despite Brown's contention, the Magistrate Judge is correct that the eviction action at issue only raises a

3

state law claim and Brown's attempt to raise a defense based on federal violations of ERAP does not give this Court authority to intervene. *JLL Properties LLC v. Ward*, 2021 WL 784324, at *2 (W.D. Ky., 2021) ("Defendants' attempt to raise federal issues pursuant to the CARES Act simply does not create federal jurisdiction because they are merely claiming a "'substantive federal defense to a state-law claim [which does] not raise a federal question.'") (citations omitted). Thus, this Court does not have subject matter jurisdiction over this action.

## IV.    CONCLUSION

For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 7) and **OVERRULES** Brown's Objections (ECF No. 9). This action is **REMANDED** to the Franklin County Municipal Court. Accordingly, Brown's Motions for Injunction and to Compel (ECF Nos. 2, 5) are hereby **DENIED as MOOT**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 27, 2026**

4